## THE STATE vs. CHARLES C. A. HAND.

New Castle County, September Term, 1894.

**Confession. Corpus Delicti.**—A confession amounts to nothing unless *corpus delicti* is proved.

**Same.**—All confessions should be regarded by a jury with caution and considered with due regard to the circumstances under which they were made.

**Motive.**—A man is presumed to be guilty of the necessary consequences of his own act, and where the commission of that act is clearly proved evidence of motive is of little value.

**Drunkenness. Insanity.**—Drunkenness in itself is no excuse for crime, but where the proof shows that the defendant by reason of *mania a potu* induced by exces-

Charge.

sive drinking was suffering from temporary madness or insanity and did not know what he was doing he may be found not guilty by reason of insanity.

The defendant was committed at this term for burning a barn of his brother in Brandywine Hundred, this county, on June 20, 1892. The State relied for a conviction upon the proof of the confession of the prisoner that he had burned the barn, and also upon circumstantial evidence tending to corroborate said confession. The defence was an alibi and proof of certain facts from which the contention was made that the prisoner was affected with *mania a potu* at the time, and was therefore irresponsible.

CULLEN, J., (charging the jury).

You are empanelled to try an indictment against Charles C. A. Hand for the burning of a barn, the property of Alfred Hand. This indictment is under an act of Assembly of this State, which provides " That if any person shall wilfully or maliciously burn or set on fire any ship or other vessel, barn," etc., "he shall be deemed guilty," etc.

In order to establish an indictment of this character, it is incumbent upon the State to prove that there was a wilful burning; that is, that the party wilfully and maliciously did the act. In other words that he did it with the intent to commit an injury, and intended the evil consequences that necessarily result from an act of that kind. If it had been an accident—if he had dropped a match in the barn and the fire resulted from that, that would not have been wilful, but a mere accident. Therefore before there can be a conviction under this Statute, it must be proved to your satisfaction beyond a reasonable doubt, that the prisoner who stands charged in this indictment with burning this barn, did so wilfully and maliciously.

You will decide this case—the Court stating to you the law—according to the evidence presented to you, with which the Court have nothing to do.

It is contended in this case on the part of the State, that this

Charge.

barn was burned on or about the 20th of June, 1892. All the evidence upon which the State relies is that the prisoner at the bar came to the house of his brother and stated to him that he had left his brother Alfred some ashes to spread or something of that kind —this testimony you will of course recollect—and asked as to what he meant, stated that he had set his brother's barn on fire. Further than that, the prisoner was asked if he did not have a sleigh in the barn, and answered, "I pulled that out" and the sleigh, according to the testimony, was subsequently found on the outside of the barn.

Now upon that testimony—the confession of the prisoner at the bar—and other corroborating testimony, the State relies for a conviction, contending that it is sufficient proof that the party wilfully and maliciously set on fire the barn of Alfred Hand.

It is true that in many cases, confessions standing alone would be subject to some doubt, as when the *corpus delecti* is not proved, for there must always be shown the fact that some crime has been commited. In other words, as it is termed in the books, there must be a *corpus delicti*. That is, if a man openly confesses that he has killed another at a certain time, unless there is proof that a man was actually killed, even though the missing man may not come back, the confession amounts to nothing. So with regard to a man's making a confession as to stealing goods, when no goods were stolen; of course that would amount to nothing, because there must be testimony that the crime was committed. In the case at bar there was a barn that was burned. That fact can not be disputed. How it was burned, is a matter which you are to determine under this indictment wherein the defendant is charged with wilfully and maliciously burning this barn. Did he so burn this barn, and is there sufficient corroborative evidence to satisfy you that he did?

We have been asked to charge you in relation to motive. That is similar to proof of character. Where there are doubts as in cases of circumstantial evidence you may bring in motive. But if it be proved that a man committed an act, no matter how good his character may have been, it amounts to nothing. But where there are circumstances which render the commission of a crime

somewhat doubtful, there character comes in and turns the scale in favor of the prisoner. So in regard to motive. A man is presumed to be guilty of the necessary consequences that follow from his own act. We have also been asked to charge you in relation to this man's suffering from *mania a potu*. It is a well settled rule of law that drunkenness in itself is no excuse for crime. It is alleged on the part of the defendant that this man was laboring under *mania a potu*, as was also stated by the first witness on the part of the prosecution. Our courts have decided that *mania a potu* is under certain circumstances an excuse for crime. If you believe from the evidence which you have heard in this case " that the prisoner at the time he committed the act was afflicted with and laboring under an attack of that disease or malady and a brief or temporary madness or insanity, the result of protracted hard drinking of spirituous liquors for several weeks immediately preceding the commission of the act, that he was thereby rendered absolutely unconscious of what he was doing and incapable of distinguishing between right and wrong, with reference to the act he was then committing—it would constitute in a law a complete and entire defence to the whole prosecution and he should be acquitted, but that is a matter of defence not to be presumed, but must be proved like any other matter of defence in this case to the satisfaction of the jury, otherwise it could be of no avail to the prisoner."

That is, you must be satisfied that he was laboring under an attack of *mania a potu*, and by reason of that disease he had not control of his own will. These facts must be proved, not the mere fact that a man was suffering under *mania a potu*, but it must be connected as a part of the transaction, and you must be satisfied that by reason of that fact he was not responsible for this crime.

Again, we are asked to charge you as to the matter of doubt. After taking into consideration all of the evidence, if there is a reasonable doubt in your minds as to whether this party is guilty or not, you should give the prisoner the benefit of that doubt and should acquit him. If, however, you should be of the opinion from the proof offered, that he did not know what he was doing,

Charge.

taking into consideration all the evidence and circumstances, and that by reason of the *mania a potu*, induced by excessive drinking, that he was not responsible for the act, then you should bring a verdict that he is not guilty, by reason of insanity. Otherwise if you are satisfied this man is guilty beyond a reasonable doubt you should bring in a verdict of guilty.

So far as confessions are concerned, all confessions, as is well settled law, should be received by the jury with that caution which under certain circumstances they necessarily should attach to them. In other words, you should take into consideration the circumstances under which a confession was made—what led to it and what were the circumstances immediately surrounding it, in determining whether you shall rely upon it or not.

*Verdict, not guilty.*

*John R. Nicholson*, Attorney General, for the State.

*George Lodge*, for the prisoner.